IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DOLLIE A. WISE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:04-CV-2972-RWS |
| v. | : | |
| | : | |
| OVERHEAD DOOR CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Now before the Court are Defendant's Motion for Summary Judgment [22] and Defendant's Notice of Objections to Portions of Plaintiff's Declaration and the Affidavit of Edward Hall [36]. This matter comes before the Court for consideration of the Order and Non-Final Report and Recommendation [39-1] of United States Magistrate Alan J. Baverman, Defendant Overhead Door's Objections to Magistrate's Report [40], and Plaintiff's Response to Defendant's Objections to the Magistrate's Report [41]. Having reviewed the record in this case, the Court adopts the Statement of the Facts as set out in the

AO 72A
(Rev.8/82)

Report and Recommendation.  The Court concurs with and adopts, as augmented below, Judge Baverman's analysis and legal conclusions.

## Discussion

The Magistrate recommended that Defendant's Motion for Summary Judgment be denied on Plaintiff's § 1981, Title VII, and Age Discrimination in Employment Act ("ADEA") claims, as well as Plaintiff's claims for retaliation under Title VII, the ADEA, and § 1981.  Defendant objects to the Magistrate's conclusions on the grounds that: (1) the Magistrate's report "incorrectly goes beyond the 'face slap' standard" (Def.'s Objections to Magistrate's Report [40] at 2); (2) the "Magistrate's report contains inherently contradictory conclusions in its pretext analysis" (id. at 6); (3) the Magistrate's report contains a factual error in its statement that "Fleeman testified that she could not and did not operate heavy equipment and/or forklifts" (id. at 7); (4) the "stray remarks" relied upon in the Magistrate's Report are insufficient to establish a case of pretext (id. at 9); (5) the Magistrate's report fails to consider that Plaintiff was demoted from a prior lead position (id.); (6) the Magistrate incorrectly found that Plaintiff established causation with respect to her retaliation claim (id. at 11); and (7) the Magistrate incorrectly found that Overhead Door's business changes

could not be considered "intervening factors" (id. at 12). The Court addresses each objection in turn.

I.  **Consideration of Relative Qualifications and Other Evidence of Pretext**

With respect to both Plaintiff's age and race discrimination claims, the Magistrate concluded that, although Plaintiff could not establish that she was "so clearly more qualified" than the individual selected that the disparity in qualifications "virtually jumps off the page and slaps you in the face," she could establish pretext through a combination of relative qualifications and remarks evincing race and age-based animus. (See Report & Recommendation [39-1] at 34-37, 44-45). Defendant objects to this conclusion on the grounds that the Magistrate incorrectly went beyond an examination of Plaintiff's qualifications and "embarked on an unnecessary examination of other purported evidence of pretext." (Def.'s Objections to Magistrate's Report at 4.) Thus, Defendant contends that the Magistrate incorrectly concluded that a plaintiff can present other evidence to show pretext in a failure to promote case involving comparative qualifications. (Id. at 4-5.) The Court finds Defendant's arguments unpersuasive.

3

As a preliminary matter, the Court addresses Defendant's argument that "a plaintiff can *only* demonstrate pretext in a failure to promote case by proffering evidence that she was 'clearly more qualified' than the candidate selected." (Mem. in Supp. of Def.'s Mot. for Summ. J. [22] at 20 (emphasis added)). The argument that a plaintiff in a case involving comparative qualifications is, in some way, precluded from offering other evidence probative of pretext is without merit. See, e.g., Patterson v. McLean Credit Union, 491 U.S. 164, 187-88, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) ("Although [a plaintiff] retains the ultimate burden of persuasion, our cases make clear that she must also have the opportunity to demonstrate that [the employer]'s proffered reasons for its decision were not its true reasons. In doing so, [a plaintiff] is not limited to presenting evidence of a certain type."). There is, in short, no absolute bar to the presentation of other evidence of pretext notwithstanding a plaintiff's intent to rely, at least in part, on a disparity in qualifications between herself and the individual actually selected.

The Court turns now to Defendant's argument that the Magistrate incorrectly relied upon evidence other than Plaintiff's relative qualifications to show pretext. (Id. at 4-5.) To be sure, " '[f]ederal courts do not sit as a

4

super-personnel department that reexamines an entity's business decisions.' " Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (quoting Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)). Courts are not to second-guess the business decisions of employers, even when they are manifestly unreasonable or unfair, but rather should limit their inquiry to whether an employer has based its decision on an impermissible factor. See id.; Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) ("We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law. We are not in the business of adjudging whether employment decisions are prudent or fair." (internal citation omitted)); Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984) (An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."). Because courts are rightly averse to second-guessing legitimate employment decisions, it is well-established that a plaintiff attempting to prove pretext based on comparative qualifications "must adduce evidence that the disparity in qualifications is so apparent as virtually to jump off the page and slap you in the face." Cooper v.

5

Southern Co., 390 F.3d 695, 732 (11th Cir. 2004) (quoting Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001)) (internal quotations omitted). "This principle 'should be understood to mean that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.' " Id. (quoting Lee v. GTE Fla., Inc., 226 F.3d 1249, 1254 (11th Cir. 2000)).

Relying on that justifiably high standard of proof, Defendant apparently contends that relative qualifications may not, in any way, be considered in the pretext analysis when they are not so disproportionate as to "slap you in the face." The Court finds Defendant's position--that disparities in qualifications which fail to "jump off the page and slap you in the face" are necessarily devoid of probative value--to be foreclosed by the Eleventh Circuit's decision in Vessels v. Atlanta Independent School System, 408 F.3d 763 (11th Cir. 2005). In that case, the plaintiff produced evidence that he was relatively, but not significantly, more qualified than the selected individual, as well as other evidence probative of discrimination. Addressing, albeit indirectly, the application of the "slap you in the face" standard, the Vessels Court stated:

6

> Admittedly, our precedent makes clear that where an employee seeks to prove pretext through qualifications alone, the difference in qualifications must be so glaring that no reasonable impartial person could have chosen the candidate selected for the promotion in question over the plaintiff. [cit.] However, where the qualifications disparity is not the sole basis for arguing pretext, the disparity need not be so dramatic to support an inference of pretext.

408 F.3d at 772. Applying this standard, the Vessels Court concluded that "taken together," the evidence of racially tinged statements by decisionmakers, the relative superiority of the plaintiff's qualifications, the defendant's disregard of its own employment regulations, and the plaintiff's rebuttal of many of defendant's proffered justifications were sufficient to raise a genuine issue of material fact.

Without question, the Court perceives potential impediments to Plaintiff's ability to ultimately prevail at trial. Nevertheless, viewing the evidence in a light most favorable to Plaintiff, as the Court is bound to do, the Court cannot conclude that no reasonable juror could find in her favor. As discussed below, she has presented evidence of remarks by the decision makers which, while not direct evidence of discrimination, tend to demonstrate race and age-based animus. Moreover, she has offered evidence that she possessed the ability to

7

operate a forklift, a skill which was required for the position, and that the selected individual lacked that ability. Certainly, when considered against those of the selected individual, Plaintiff's qualifications as a whole do not reveal that she was so clearly more qualified that no reasonable person, in the exercise of impartial judgment, could have chosen the individual selected over her. But, under Vessels, Plaintiff's relative qualifications, even when they alone would be insufficient to prove pretext, may be considered along with her other evidence of discrimination to prove that Defendant's proffered reason is pretextual. As such, the Magistrate correctly considered the relative qualifications and other evidence of discrimination to conclude that a genuine issue of fact exists as to Plaintiff's race and age discrimination claims.

**II. The Magistrate's Conclusion that Ms. Fleeman was Unqualified**

The Magistrate concluded that "[a]lthough Plaintiff fails to meet the 'face slap' standard, Plaintiff may create an inference of discrimination by showing that the employer promoted a person who did not meet the minimum qualifications for the job." (Report & Recommendation [39-1] at 34.) After examining the evidence in the record, the Magistrate concluded that Ms.

8

Fleeman failed to meet the minimum qualifications for the position because she was incapable of driving a forklift, and that this supported an inference of discrimination. (Id. at 35-37.) Defendant objects to this conclusion on two grounds. First, Defendant contends that the Magistrate's determination that Ms. Fleeman failed to meet the minimum qualifications is inherently contradictory with its conclusion that Plaintiff failed to prove that she was so much more qualified for the position that it "slaps you in the face." (Def.'s Objections to Report & Recommendation at 6-7.) Second, Defendant contends that the Magistrate erred in concluding that, in fact, Ms. Fleeman was unqualified because she was "capable" of driving a forklift. (Id. at 7-9.) The Court will address these contentions in reverse order.

A.   **Ms. Fleeman's failure to meet the objective qualifications**

The Magistrate concluded that the ability to drive a forklift was a prerequisite for the position and that, because Ms. Fleeman did not meet the forklift requirement, she failed to meet the minimum qualifications for the position. (Report & Recommendation at 36.) Defendant objects on the grounds that the Magistrate factually erred when it concluded that Ms. Fleeman could not satisfy the forklift requirement. (Def.'s Objections to Report &

9

Recommendation at 7.)  Defendant contends that the position required only that the individual be "capable" of driving a forklift–that is, capable of obtaining forklift certification at some point in the future.  According to Defendant, because Ms. Fleeman indicated a willingness to learn, she was, in fact, "capable" of driving a forklift at the time she was selected.  While these arguments are not without force, and indeed, might even carry the day before the jury, they require a resolution of factual disputes in favor of Defendant.  This the Court may not do at this stage of the litigation.

Viewing the facts in a light most favorable to Plaintiff, being able to operate a forklift "was a minor requirement" for the position.  (Def.'s Statement of Undisputed Facts [22-2] at ¶ 83.)  At the time Ms. Fleeman was awarded the position, she had informed her interviewers that she "did not drive forklifts" or "operate heavy equipment." (Fleeman Dep. [32] at 29, 52; Duncan Dep. [27] at 78.)  Although Ms. Fleeman indicated a willingness to "try to learn" to become forklift certified, she did so only *after* being awarded the position.  Moreover, those statements indicating a willingness to learn followed an ultimatum from her supervisor that she must either become forklift certified or be removed from the Receiving Clerk/Lead position. (Fleeman Dep. [32] at 52.)  Ms. Fleeman

10

eventually resigned from the Receiving Clerk/Lead position because she could not pass the forklift driving certification test. (Duncan Dep. [27] at 78.) Because the ability to operate a forklift was a prerequisite to the Receiving Clerk/Lead position and Ms. Fleeman, at all times prior to being awarded the position, indicated that she would not become forklift certified, she was unqualified for the Receiving Clerk/Lead position when she was awarded it. Accordingly, the Court agrees with the Magistrate's assessment that Ms. Fleeman was not qualified and that this may support an inference of discrimination. See Bass v. Bd. Of County Comm'rs., 256 F.3d 1095, 1108 (11th Cir. 2001).

**B.     Inherently contradictory analysis regarding qualifications**

Having established that Ms. Fleeman was unqualified for the position, the Court addresses Defendant's argument that the Magistrate's determination that Plaintiff failed to meet the "slap you in the face" standard is inherently contradictory with its conclusion that Ms. Fleeman was not qualified for the position. (Def.'s Objections to Magistrate's Report & Recommendation at 6.) Although Defendant's argument perhaps has some superficial appeal, the Court cannot conclude, as Defendant's argument would require, that hiring an individual who fails to meet each and every minimum qualification either

11

necessarily rises to the level that it "slaps you in the face," or that it may not be considered as evidence of pretext.  Rather, in those situations where a plaintiff adduces evidence of relative qualifications which fails to satisfy the "slap you in the face" standard, but also produces both evidence that the individual selected failed to meet the minimum qualifications for the position and other evidence probative of pretext, the Court concludes that under Vessels, all may be considered in determining whether a genuine issue of material issue of fact exists.

In this case, based on the evidence in the record, a reasonable jury could not find that the "disparities in qualifications [are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen [Ms. Fleeman] over the plaintiff" for the job of Receiving Clerk/Lead.   That said, being capable of operating a forklift was a minor qualification of the Receiving Clerk/Lead position.  Ms. Fleeman failed to meet this requirement at the time of her hiring and eventually resigned because of her continued failure to become forklift certified.  Moreover, another applicant to the position was disqualified specifically because of her inability to become certified as a forklift operator.  Because the promotion of an unqualified

candidate over a qualified plaintiff can support an inference of discrimination, see Bass, 256 F.3d at 1108 ("[T]he fact that the [employer] promoted [an individual] who was unqualified . . . over [the plaintiff] supports an inference of discrimination."), and because Plaintiff has adduced other evidence probative of discrimination, the Court concludes that a genuine issue of material fact exists as to whether Defendant's proffered non-discriminatory motive for failing to promote Plaintiff was pretextual.

**III.     Consideration of "Stray Remarks" as Evidence of Pretext**

The Magistrate considered various racial slurs and derogatory terms as evidence of pretext. (Report & Recommendation at 37-39.)   Defendant contends that the "stray remarks" relied upon in the Magistrate's recommendation are insufficient to establish a case of pretext. (Def.'s Objections to Magistrate's Report & Recommendation at 9.)  Defendant is correct insofar as an isolated comment, unrelated to the decision in question, is alone insufficient to establish a material fact as to pretext.  Rojas v. Fla., 285 F.3d 1339, 1343 (11th Cir. 1998).  But, as discussed above, the Court has already found that, construing the facts in the light most favorable to the non-movant,  Ms. Fleeman was not qualified for the Receiving Clerk/Lead position

13

because she was not capable of operating a forklift.  Therefore, the Magistrate Judge was correct in considering the alleged racial slurs, in conjunction with the evidence of the two candidate's relative qualifications, to find that Plaintiff has shown a genuine issue of material fact with regard to the existence of pretext. See Vessels, 408 F.3d at 772; Bass, 256 F.3d at 1108.

## IV.     Consideration of Plaintiff's Objective Qualifications in the Prima Facie Portion of the Analysis

The Magistrate's report concluded that Plaintiff was qualified for the Receiving Clerk/Lead position for purposes of her prima facie case because she had performed the duties of the Receiving Clerk and had previously held a lead position. (Report & Recommendation at 25-29.)  Defendant argues that the Magistrate erred by failing to consider that Ms. Wise was demoted from a prior lead in its evaluation. (Def.'s Objections to Report & Recommendation at 9-10.)  While the Court agrees that Plaintiff's prior failure to meet performance goals may be relevant, and indeed strong evidence that Defendant acted without discriminatory intent, the Court concurs with the Magistrate that Defendant's consideration of Plaintiff's performance in a different position is properly considered "as part of the employer's burden to produce a legitimate

14

race-neutral basis for its decision, then subsequently evaluated as part of the court's pretext inquiry." Vessels, 408 F.3d at 769; see also Holifield v. Reno, 115 F.3d 1555, 1562 n.3 (deferring consideration of plaintiff's job performance to pretext stage of litigation). Accordingly, the Court adopts the Magistrate's conclusion that Plaintiff has established that she was qualified for the position for prima facie case purposes.

**V.     Causation in Plaintiff's Retaliation Claim**

The Magistrate found, on the issue of causation, that Plaintiff had established the causal element of her prima facie retaliation case based on (1) Defendant's knowledge of the EEOC charge and (2) the temporal proximity between the "protected activity" and Defendant's failure to promote, in conjunction with the testimony of Ed Hall. (Report & Recommendation at 54-56.) Defendant argues that the Magistrate erred by relying "on the subjective belief of a non-decision maker" in making its determination of causation. (Def.'s Objections to Report & Recommendation at 11.) But, contrary to Defendant's contention, the Magistrate correctly concluded that Plaintiff had established causation based upon the temporal proximity of the protected activity (whether that protected activity is the filing of the EEOC complaint or

15

the completion of the settlement from said complaint) and the failure to promote, and in the alternative, the statements of Mr. Hall's superiors concerning the EEOC settlement and their desire to get rid of Plaintiff. (Report & Recommendation at 4-5, 54-6.)[1] Based on (1) the temporal proximity of Plaintiffs EEOC complaint and settlement to the adverse action, and (2) the prior statements of the decisionmakers indicating retaliatory animus, in conjunction with Mr. Hall's testimony that Defendant's express desire to deny Plaintiff the promotion was related to the filing and settlement of Plaintiff's EEOC charge, the Court concludes that Plaintiff has established a prima facie case of retaliation.

## VI. Business Changes as "Intervening Factors"

In his report, the Magistrate considered, but rejected, Defendant's argument that "intervening factors" precluded Plaintiff from establishing the causation element of her retaliation claim. (Report & Recommendation at 56-57.) Defendant argues, as it did in its original motion, that changing business

---

[1] Mr. Hall testified that Mark DeWolfe, after informing Hall about the settlement of Plaintiff EEOC charge, stated: that "they wanted [Plaintiff] out of the plant and he didn't care how I did it, that the company would back me a hundred percent." (Hall Dep. [25-15] at 112.)

16

practices had required the creation of the Receiving Clerk/Lead position and now contends that the Magistrate erred in rejecting those "business changes" as intervening factors. (Def.'s Objections to Report & Recommendation at 12.) The Court agrees with the Magistrate that "the inventory problems merely show why Defendant created the Receiving Clerk/Lead position[, but they] do not explain why Plaintiff would not be considered for the position after the settlement of her EEOC charge." (Report & Recommendation at 57.) Moreover, the Court agrees that a genuine issue of fact exists as to whether Defendant's asserted reliance on Plaintiff's performance in her prior lead positions is pretextual.  Accordingly, the Court adopts the recommendation of the Magistrate Judge that neither the business changes nor Defendant's determination that Plaintiff was not the most qualified candidate, represent "intervening factors" sufficient to warrant summary judgment on Plaintiff's retaliation claims.

## Conclusion

Accordingly, for the reasons set forth herein, the recommendation of the Magistrate [39-1] is **ADOPTED**, Defendant's Objections to the Magistrate's

Report and Recommendation [40] are **OVERRULED**, and Defendant's Motion for Summary Judgment [22] is hereby **DENIED**.

**SO ORDERED** this   15th   day of March, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)